IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> THOMAS JOSEPH MASCARENA, <br><br> Defendant. | CR 19-70-BLG-DLC-TJC <br><br> **FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 36.)

On April 10, 2024, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to eight (8) months custody, followed by 28 months of supervised release.

I.   **BACKGROUND**

In August 2019, Defendant pled guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Docs. 20, 21.) On January 14, 2020, the Court sentenced him to 63 months incarceration, followed by

1

a term of 36 months supervised release.  (Doc. 27.)  Defendant began his term of supervised release on January 17, 2024.

On February 20, 2024, the United States Probation Office filed the petition now at issue.  (Doc. 34.)  The petition alleges that Defendant violated five (5) conditions of supervised release, and provides a brief explanation of each violation.  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest.  (Doc. 35.)  Defendant made an initial appearance on February 29, 2024.  (Doc. 39.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  (*Id.*)  The Court set the final revocation hearing for March 14, 2024.  (*Id.*)  Defendant subsequently moved to continue the final revocation hearing, and the Court reset the hearing for April 10, 2024.  (Doc. 42.)

## II.    FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Evangelo Arvanetes.  Julie Patten represented the United States.  The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence.  After consenting to proceed, Defendant admitted all of the violations.

The undersigned accepted the admissions and proceeded to sentencing.  The undersigned calculated that Defendant's violation grade is C, his criminal history

category is VI, and the underlying offenses are class C felonies. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 8–14 months incarceration. Defendant could also be sentenced to as much as 36 months supervised release, less any custody time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a low-end guideline sentence. Defendant's counsel requested that Defendant be permitted to undergo inpatient treatment beginning April 22, 2024.

### III.  ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to eight (8) months custody, followed by 28 months of supervised release.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant. With respect to the nature and circumstances of the violations, Defendant almost completely failed to comply with any of the conditions of his supervised release. He began his supervision on January 17, 2024, and within a few weeks, he

accumulated eight violations of his supervision.  He then essentially absconded from supervision, failed to report to his probation officer as directed, and his whereabouts and activities were unknown prior to his arrest on the current petition.

With respect to Defendant's history and characteristics, unfortunately, this conduct is fairly consistent with Defendant's prior performance on supervision. He has done very poorly on supervision previously, and he has had his supervision revoked many times.  Defendant had a criminal history category VI at the time of sentencing on the underlying offense, and his criminal conduct has continued, essentially unabated, throughout much of his adult life.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes.  Here, revocation of Defendant's supervised release and a sentence to a term of incarceration are clearly necessary to afford deterrence to future violations, and make it clear to Defendant that he is required to comply with the conditions of his supervised release.  A custodial sentence is also necessary to protect the public from further violations.  There is no indication at this time that Defendant is prepared to discontinue the type of conduct that has resulted in criminal activity throughout his adult life.

The undersigned has also considered the need for future educational or vocational training and correctional treatment.  A term of supervised release to

follow a custodial sentence is necessary to provide Defendant with the mental health and substance abuse treatment he obviously needs, as well as other educational and correctional treatment that can hopefully get Defendant on the right track.

Given that this Defendant's first revocation, however, a sentence at the low end of the guideline range, to be followed by the maximum term of supervised release authorized by statute, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## IV. CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.  Defendant violated the special condition that he must abstain from the consumption of alcohol when he submitted urine specimens that tested positive for alcohol on January 22, 2024, and January 30, 2024.

/ / /

2. Defendant violated the special condition that he must not purchase, possess, use, distribute, or administer marijuana when he admitted on January 22, 2024, to using marijuana two days prior.

3. Defendant violated the special condition that he must participate in substance abuse testing when he failed to report to Alternatives, Inc. to provide random urinalysis samples on February 6, 2024, February 13, 2024, and February 16, 2024, and was not excused from providing samples on those dates.

4. Defendant violated the special condition that he must participate in an outpatient program for mental health treatment when Defendant failed to report to Alternatives Inc. for a dual disorders counseling session on February 8, 2024, and subsequently failed to return Alternatives Inc.'s phone calls to set up further treatment sessions.

5. Defendant violated the standard condition that he must follow the instructions of the probation officer related to the conditions of supervision when his probation officer instructed him on January 22, 2024, to secure adequate housing but Defendant failed to do so, and his whereabouts subsequently were unknown.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release, and sentence Defendant to eight (8) months custody, followed by 28 months of supervised release.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 10th day of April, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge