IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>THOMAS JOSEPH MASCARENA,<br><br>Defendant. | CR 19-70-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 61.)

On September 16th, 2025, the Court conducted the final revocation hearing. Defendant admitted all violations. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to six (6) months custody, followed by 22 months of supervised release.

I.   **BACKGROUND**

In August 2019, Defendant pled guilty to being a prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Docs. 20, 21.) On January 14, 2020, the Court sentenced him to 63 months incarceration, followed by

1

a term of 36 months supervised release. (Doc. 27.) Defendant began his term of supervised release on January 17, 2024. (Doc. 33.)

On July 16, 2024, Defendant's supervised release was revoked for violations pertaining to alcohol consumption, marijuana use, failure to participate in substance abuse testing, failure to participate in mental health treatment, and failure to follow instructions from his probation officer. (Doc. 56.) Defendant was sentenced to eight (8) months imprisonment followed by 28 months supervised release. (*Id.*)

Defendant began his second period of supervised release on October 25, 2024. (Doc. 58.)

On August 22, 2025, the United States Probation Office filed the petition now at issue. (Doc. 59.) The petition alleges that Defendant violated three (3) conditions of supervised release, and provides a brief explanation of each violation. *Id*. Based on the petition, Judge Christensen issued a warrant for Defendant's arrest. (Doc. 60.) Defendant was arrested, and made an initial appearance on September 5, 2025. (Doc. 62.)

## II.     FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Evangelo Arvanetes. Julie Patten represented the United States. The undersigned explained the findings and recommendations procedure to Defendant, including his right to

object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence.  After consenting to proceed, Defendant admitted all of the violations.

The undersigned accepted the admissions and proceeded to sentencing.  The undersigned calculated that Defendant's violation grade is C, his criminal history category is VI, and the underlying offense is a class C felony.  Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 8–14 months incarceration.  Defendant could also be sentenced to as much as 36 months supervised release, less the cumulative custody time imposed on revocations of supervised release.  Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a mid-range guideline sentence.  Defendant's counsel requested that Defendant be sentenced to 12 months and a day custody with no supervision to follow or, in the alternative, a low-end guideline sentence followed by placement in an outpatient treatment facility.

III.  ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked.  The Court should

sentence Defendant to six (6) months custody, followed by 22 months of supervised release.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the history and characteristics of the Defendant and the nature and circumstances of the violations.

With respect to Defendant's history and characteristics, Defendant has a long criminal history and had attained a criminal history category VI when sentenced on the underlying offense. He has also done very poorly on supervision in the past and has had his probation and parole revoked on many occasions. On his first term of supervised release for this offense, Defendant completely failed to comply with the conditions of his supervised release. He began his supervision on January 17, 2024, and within a few weeks, accumulated eight (8) violations of his supervision. He then absconded from supervision and refused to report to his probation officer.

With respect to the nature and circumstances of the present violations, Defendant has made at least some effort to comply with the conditions of his supervision. He was released on his first revocation sentence on October 25, 2024, and did not incur his first violation until May 2025, when he informed his probation officer that he had consumed alcohol. He also completed a 30-day

inpatient treatment program where he did very well. Unfortunately, he relapsed soon after his release from treatment.

Defendant's current violations do not involve any new criminal conduct. They are limited to alcohol use, marijuana use, and failure to contact his probation officer for approximately 10 days after being removed from a sober living home. Defendant voluntarily disclosed these violations and accepted responsibility for them. Thus, while not fully compliant, Defendant's performance on supervision improved considerably.

The undersigned has also considered the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes. Here, revocation of Defendant's supervised release and a sentence to a term of incarceration is again necessary to afford deterrence to future violations, and to again make it clear to Defendant that he is required to comply with the conditions of his supervised release. Defendant's criminal history is also closely connected to his use of alcohol. Given his current relapse on alcohol and controlled substances, a custodial sentence is also necessary to protect the public from further violations.

The undersigned has also considered the need for future educational or vocational training and correctional treatment. A term of supervised release to follow a custodial sentence is necessary to provide Defendant with mental health treatment and additional substance abuse treatment, as well as other educational

5

and correctional treatment that can hopefully get Defendant on the right track and keep him on track.

Given Defendant's improved performance on supervision, and the relatively non-serious nature of the violations, a sentence of six (6) months, to be followed by a term of supervised release of 22 months, is sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a).

## IV.   CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.   Defendant violated the special condition that he must abstain from the consumption of alcohol when he admitted on May 15, 2025, on July 17, 2025, and on August 21, 2025, that he had consumed alcohol.

2.   Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance when he submitted a urine specimen

that tested positive for marijuana on August 21, 2025, and admitted to marijuana use.

3. Defendant violated the standard condition that he must live at a place approved by his probation officer and must notify his probation officer about changes in his living arrangements when he failed to report to his probation officer that he had been removed from his sober living house on August 11, 2025, and was subsequently homeless until reporting to the United State Probation Office on August 21, 2025.

Accordingly, **IT IS RECOMMENDED** that the Court revoke Defendant's supervised release, and sentence Defendant to six (6) months custody, followed by 22 months of supervised release.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the

right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

    DATED this 16th day of September, 2025.

                                                                                        _____
                                                                     TIMOTHY J. CAVAN
                                                                     United States Magistrate Judge